UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

REGINA LEWIS,

        Plaintiff,

-against-

UNITED STATES OF AMERICA,

        Defendants.

19-CV-11504 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff Regina Lewis commenced this action by filing a document titled "Writ of Error *Coram Nobis*." She alleges that on July 26, 2019, she was arrested by the United States Marshal Service, that this arrest was not privileged, and that her subsequent conviction "violated the narrow federal-state balance." (ECF No. 1 at 3.)[1] Plaintiff filed this action without paying the $400.00 in fees – a $350.00 filing fee plus a $50.00 administrative fee – or, submitting a completed and signed request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees. The Court assumes for the purpose of this order that Plaintiff seeks to proceed IFP.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

---

[1] Page numbers refer to those generated by the Court's electronic filing system.

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND AND DISCUSSION

Under New York law, a minor or incompetent person normally lacks the capacity to bring suit for himself. *Berrios v. N.Y. City Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009) (citing N.Y. C.P.L.R. §1201; Fed. R. Civ. P. 17(b)(1) (capacity of an individual claim owner to sue is determined by "the law of the individual's domicile")); *see also* N.Y. C.P.L.R. §3211 (listing lack of capacity as ground for motion to dismiss). The Second Circuit has held that where a person without capacity to sue brings suit, the district court may not make a merits determination unless the incompetent person is represented by a guardian *ad litem* who either is, or is represented by, an attorney. *See Berrios*, 564 F.3d 130 at 134-35. But district courts need not appoint a guardian or attorney if it is clear that no substantial claim may be asserted on the Plaintiff's behalf and may instead dismiss the action without prejudice. *See id.* at 135.

On October 10, 2017, after conducting a competency hearing under Rule 17 of the Federal Rules of Civil Procedures in *Lewis v. Newburgh Hous. Auth.*, ECF 1:11-CV-3194, 201, Magistrate Judge Lisa Margaret Smith determined that Regina Lewis "is not legally competent to proceed without the appointment of a [guardian *ad litem*]." (*Id.* at 21).[2] Because no substantial claim may be asserted on Plaintiff's behalf, the Court declines to consider appointing a guardian or an attorney. Accordingly, unless Plaintiff files a civil action through a guardian *ad litem* who is (or will be) represented by counsel, the Court must dismiss Plaintiff's civil actions without prejudice.[3]

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's complaint is dismissed without prejudice because she can proceed in this Court only through a guardian *ad litem*.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

---

[2] In *Lewis*, No. 1:11-CV-3194, the Court appointed Plaintiff's brother as her guardian and located *pro bono* counsel to represent him, but Plaintiff's brother later withdrew as guardian. Counsel then attempted to secure a replacement guardian *ad litem* through a proceeding pursuant to Article 81 of the Mental Hygiene Law that counsel commenced in state court. On April 19, 2018, *pro bono* counsel informed the Court that she had to withdraw the Article 81 state-court petition because "it was determined that [Plaintiff] will remain non-compliant and unprepared to participate." *Id*. (ECF No. 179).

[3] Plaintiff recently filed two other actions in this Court. *See Lewis v. Ditomasso,* ECF 1:19-CV-10665, 4 (S.D.N.Y. Dec. 6, 2019) (dismissing complaint without prejudice in light of Judge Smith's order); *Lewis v. Bourne & Kenney Redevelopment Co.*, ECF 1:19-CV-9560, 4 (S.D.N.Y. Oct. 29, 2019) (same) (notice of appeal filed Nov. 4, 2019). Plaintiff is barred from filing any appeals with the Second Circuit unless she first obtains leave of that court. *See Lewis v. Cnty. of Orange N.Y.*, No. 16-4017 (2d Cir. May 18, 2018).

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: December 23, 2019
       New York, New York

                                            COLLEEN McMAHON
                                       Chief United States District Judge